UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUIS S.,[1]

                       Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
_____

DECISION & ORDER

19-CV-0822MWP

**PRELIMINARY STATEMENT**

        Plaintiff Luis S. brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income Benefits ("SSI"). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 1, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 17).

        Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 13, 15). For the reasons set forth below, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable legal standards.

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

## **DISCUSSION**

**I.      Standard of Review**

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted). Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence." *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive"). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). To the extent

they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations (the "Listings");

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform [his or her] past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## II.     The ALJ's Decision

In her decision, the ALJ followed the required five-step analysis for evaluating disability claims. Under step one of the process, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 29, 2015, the amended alleged onset date. (Tr. 18-29).[2] At step two, the ALJ concluded that plaintiff had the severe impairments of left eye blindness; bilateral calcaneal fractures, status-post open reduction and internal fixation with post-traumatic osteoarthritis; and lumbar degenerative disc disease. (*Id.*). At step three, the ALJ determined that plaintiff did not have an impairment (or combination of impairments) that met or medically equaled one of the listed impairments in the Listings. (*Id.*).

The ALJ concluded that plaintiff retained the RFC to perform light work with certain limitations. (*Id.*). Specifically, the ALJ found that plaintiff could walk or stand in combination for a total of five hours and sit for a total of three hours during an eight-hour workday and could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. (*Id.*). The ALJ further concluded that plaintiff could not climb ladders, ropes, or scaffolds, or perform job duties that required him to drive, work at unprotected heights or around dangerous machinery, feel with his right arm, or rely on precise depth perception or left peripheral vision.

---

[2] The administrative transcript (Docket # 7) shall be referred to as "Tr. ___," and references thereto utilize the internal Bates-stamped pagination assigned by the parties.

(*Id.*).  At step four, the ALJ determined that plaintiff had no past relevant work.  (*Id.*).  At step five, the ALJ determined that prior to May 12, 2018, based on plaintiff's age, education, work experience, and RFC, other jobs existed in significant numbers in the national economy that plaintiff could perform, such as marker, cashier II, and officer helper.  (*Id.*).  Accordingly, the ALJ found that plaintiff was not disabled prior to May 12, 2018.  (*Id.*).  The ALJ further concluded that on that date plaintiff's age category changed, rendering him disabled by application of the Medical Vocational Guidelines (the "Grid"), specifically Grid Rule 202.04, 20 C.F.R. Part 404, Subpart P, Appendix 2.  (*Id.*).

### III.     Plaintiff's Contentions

Plaintiff contends that the ALJ's determination that he was not disabled before May 12, 2018, is not supported by substantial evidence and is the product of legal error.  (Docket ## 13-1, 16).  Plaintiff challenges the ALJ's RFC determination on the grounds that it is not supported by substantial evidence because the ALJ improperly evaluated the medical opinions contained in the record.  (Docket ## 13-1 at 10-15; 16).  Specifically, plaintiff contends that the ALJ failed to provide good reasons for discounting the medical source statement of his treating orthopedic surgeon Christopher Ritter ("Ritter"), MD, and Ritter's physician's assistant Shane Griffin ("Griffin"), PA-C.  (*Id.*).  Next, he challenges the ALJ's RFC assessment on the grounds that the ALJ selectively adopted only those portions of the medical opinions that supported her determination.  (*Id.*).

## IV. Analysis

An ALJ should consider "all medical opinions received regarding the claimant." *See Spielberg v. Barnhart*, 367 F. Supp. 2d 276, 281 (E.D.N.Y. 2005) (citing 20 C.F.R. § 404.1527(d)[3]). Generally, a treating physician's opinion is entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) ("[t]he opinion of a claimant's treating physician as to the nature and severity of an impairment is given controlling weight so long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record") (internal quotations and brackets omitted). Thus, "[t]he opinion of a treating physician is generally given greater weight than that of a consulting physician[] because the treating physician has observed the patient over a longer period of time and is able to give a more detailed picture of the claimant's medical history." *Salisbury v. Astrue*, 2008 WL 5110992, *4 (W.D.N.Y. 2008).

"An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). The ALJ must explicitly consider the "*Burgess* factors":

   (1)   the frequency of examination and length, nature, and extent of the treatment relationship,

   (2)   the amount of medical evidence supporting the opinion,

   (3)   the consistency of the opinion with the record as a whole,

---

[3] This regulation applies to claims filed before March 27, 2017. For claims filed on or after March 27, 2017, the rules in 20 C.F.R. § 404.1520c apply.

6

>    (4)   whether the opinion is from a specialist, and
>
>    (5)   whatever other factors tend to support or contradict the opinion.

*Gunter v. Comm'r of Soc. Sec.*, 361 F. App'x 197, 199 (2d Cir. 2010) (summary order); *see also Estrella v. Berryhill*, 925 F.3d at 95-96 ("[f]irst, the ALJ must decide whether the opinion is entitled to controlling weight[;] . . . if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it[;] [i]n doing so, it must 'explicitly consider' the . . . nonexclusive '*Burgess* factors'"). "At both steps, the ALJ must 'give good reasons in its notice of determination or decision for the weight it gives the treating source's medical opinion.'" *Estrella*, 925 F.3d at 96 (quoting *Halloran v. Barnhart*, 362 F.3d at 32); *Burgess v. Astrue*, 537 F.3d 117, 129-30 (2d Cir. 2008) ("[a]fter considering the above factors, the ALJ must comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion[;] . . . [f]ailure to provide such 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand") (citations and quotations omitted); *Wilson v. Colvin*, 213 F. Supp. 3d 478, 482-83 (W.D.N.Y. 2016) ("an ALJ's failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight given denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based on the record") (alterations, citations and quotations omitted). "This requirement allows courts to properly review ALJs' decisions and provides information to claimants regarding the disposition of their cases, especially when the dispositions are unfavorable." *Ashley v. Comm'r of Soc. Sec.*, 2014 WL 7409594, *1 (N.D.N.Y. 2014) (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)).

In her decision, the ALJ acknowledged that Ritter and Griffin had a treating relationship with plaintiff, but accorded their opinion only "little weight" on the grounds that it

7

was rendered shortly after plaintiff's surgery and identified limitations he experienced while he recovered from surgery. (Tr. 26). Specifically, the ALJ stated:

> The June 2015 statement and opinion are given little weight because the[y] were made one month after the claimant['s] surgeries during his acute recovery phase. Therefore, they were meant to be short-term and have no longitudinal value.

(*Id.*).

Plaintiff challenges the ALJ's conclusion that the limitations identified by Ritter and Griffin pertained only to the period of plaintiff's acute recovery from surgery. (Docket # 13-1 at 12-13). I disagree; indeed, plaintiff's challenge in this regard borders on the frivolous. A plain reading of the opinion itself makes clear that the limitations identified, particularly those relating to standing and walking, were based upon plaintiff's temporary inability to bear weight after his surgery. (Tr. 434-39). Indeed, Ritter and Griffin made this clear by including a handwritten notation – emphasized by asterisks – that plaintiff was "Non weight Bearing at this time." (*Id.*). The non-weight bearing notation was repeated elsewhere on the form – specifically, in two areas identifying limitations related to pushing/pulling and working with moving machinery. (*Id.*).

The record demonstrates that as plaintiff recovered from his surgery he regained the ability to independently ambulate. Indeed, shortly after his surgery, plaintiff was able to ambulate without a device and perform heel and toe walks for short distances. (Tr. 501). Treatment notes from June 2016 indicate that plaintiff reportedly was able to return to work doing "groundwork," although he was unable to return to work as a roofer due to his inability to navigate heights. (Tr. 489). Treatment notes from January 2017 suggest that plaintiff had a normal gait and stance and reported that he was able to stand, walk without a limp, sit, and kneel without difficulty, although he sometimes experienced mild to moderate pain after standing for

8

prolonged periods. (Tr. 479-85). During a consultative examination in November 2017, plaintiff had a normal gait and stance and was able to ambulate without an assistive device. (Tr. 462). I find that the ALJ properly discounted the limitations assessed by Ritter and Griffin for the reasons she stated.[4]

I have reviewed plaintiff's remaining contentions and find them equally without merit. Plaintiff appears to suggest that the ALJ inappropriately "cherry-picked" and relied on only those portions of the medical opinion provided by independent consultant Donna Miller ("Miller"), DO, that were favorable to her decision and rejected the limitations identified by Miller that were not. (Docket ## 13-1 at 14; 16 at 1). Additionally, he contends that the ALJ improperly relied upon the opinion authored by state consultative examiner Hongbiao Liu ("Liu"), MD, on the grounds that it was internally consistent on the issue of plaintiff's ability to engage in prolonged walking. (Docket # 16 at 2-3). I disagree with both contentions.

Contrary to plaintiff's contention, there is nothing inconsistent between Liu's conclusion that plaintiff had "mild to moderate limitations for prolonged walking" and his assessment that plaintiff was capable of walking for a total of five hours and standing for a total of four hours during an eight-hour workday. (Tr. 463, 466); *see Cook v. Comm'r of Soc. Sec.*, 2020 WL 1139909, *3 (W.D.N.Y. 2020) ("mild to moderate limitations . . . for prolonged walking" is consistent with limitation to light work). Further, plaintiff misconstrues the opinion evidence regarding his need for breaks throughout the workday. Contrary to plaintiff's contentions, Ritter and Griffin opined that customary breaks every two hours were sufficient to accommodate plaintiff's need to rest during the workday. (Tr. 435). Further, although Miller

---

[4] I do not interpret plaintiff's submissions to challenge the ALJ's determination to give "little weight" to the assessment provided by physician's assistant Elise Gill in January 2017. (Tr. 25, 506-07). In any event, I find that the ALJ properly discounted Gill's assessment that plaintiff was "unable to stand or walk for any length of time" because it was contradicted by the record evidence, including plaintiff's own statements to the contrary.

9

opined that plaintiff should be afforded comfort breaks, nothing in her opinion suggests that normally scheduled breaks would be insufficient.  (Tr. 475-78).  In any event, "the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,'" *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (quoting *Gecevic v. Sec. of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y. 1995)), and there is no "absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, 2015 WL 1524417, *8 (N.D.N.Y. 2015).  Review of the record, including the opinion evidence and treatment notes, demonstrates that the ALJ's RFC determination is supported by substantial evidence.  *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) ("[a]lthough the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole"); *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (the ALJ is "not require[d] ... [to] mention[ ] every item of testimony presented to him or ... explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability").

## **CONCLUSION**

After a careful review of the entire record, this Court finds that the Commissioner's denial of SSI was based on substantial evidence and was not erroneous as a matter of law.  Accordingly, the ALJ's decision is affirmed.  For the reasons stated above, the Commissioner's motion for judgment on the pleadings **(Docket # 15)** is **GRANTED**.  Plaintiff's

motion for judgment on the pleadings **(Docket # 13)** is **DENIED**, and plaintiff's complaint (Docket # 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                           MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated: Rochester, New York
         February 12, 2021